**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAURICE W. MCLAUGHLIN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO, N.A.,<br><br>Defendant. | Civil Action No. 25-2564 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiffs Maurice W. McLaughlin and Tracey E. McLaughlin's (collectively the "McLaughlins") Motion to Remand. (ECF No. 7.) Defendant Wells Fargo, N.A. ("Wells Fargo") opposed (ECF No. 8) and the McLaughlins replied (ECF No. 10). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court denies the McLaughlins' Motion to Remand.

**I.     BACKGROUND**

    This matter arises out of a foreclosure action that Wells Fargo filed against the McLaughlins in the Chancery Division in the Superior Court of New Jersey, Monmouth County on January 31, 2024, bearing docket number: SWC-F-001116-24 (the "Foreclosure Action"). (Notice of Removal ¶ 1, ECF No. 1; Ex A to Notice of Removal ("Foreclosure Case Summary"), ECF No. 1-1; Ex. A to Chewning Cert. ("Foreclosure Complaint"), ECF No. 7-1).) On February 27, 2024, the McLaughlins filed an Answer, affirmative defenses, and counterclaims (the "Counterclaims") against Wells Fargo alleging ten causes of action: (1) breach of contract;

(2) breach of implied duty of good faith and fair dealing; (3) consumer fraud; (4) violations of 12 C.F.R. § 1024.35 and 12 U.S.C. § 2605(k)(1)(C); (5) violations of 15 U.S.C. §§ 1692 *et seq.*; (6) common law fraud; (7) equitable fraud; (8) negligent misrepresentation; (9) malicious prosecution; and (10) punitive damages. (Notice of Removal ¶¶ 2-3; Ex. B to Notice of Removal, Countercls. ¶¶ 28-83, ECF No. 1-2.) Thereafter, Wells Fargo assigned its rights, title, and interest in the property which was the subject of the Foreclosure Action to NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), who pursuant to an April 22, 2024, court order, was substituted as the plaintiff in the Foreclosure Action. (Notice of Removal ¶¶ 4-6.) Shellpoint and the McLaughlins settled their claims against each other on or about December 12, 2024. (*Id.* ¶ 8.) The McLaughlins filed a stipulation of dismissal dismissing all claims against Shellpoint on December 18, 2024, and Shellpoint filed a stipulation of dismissal on January 10, 2025. (*Id.* ¶¶ 8-9.)

The McLaughlins then filed a Motion to Transfer their remaining Counterclaims against Wells Fargo from the Chancery Division to the Law Division on January 15, 2025, which was granted on January 31, 2025. (*Id.* ¶¶ 10-11; Ex. F to Motion to Remand ("Transfer Order"), ECF No. 7-2.) The Counterclaims, however, were not transferred until March 10, 2025. (*Id.* ¶ 12; Chewning Cert. ¶ 9; *see* Ex. C to Notice of Removal ("Case Summary"), ECF No. 1-3.) "On March 10, 2025, the underlying civil matter within the Superior Court of New Jersey, Monmouth Vicinage, Law Division, bearing docket number: MON-L-873-25 was opened relating to the McLaughlins' transferred [C]ounterclaims." (Chewning Cert. ¶ 9; Notice of Removal ¶ 12; *see* Case Summary.) The Law Division *sua sponte* realigned the parties and made the McLaughlins the plaintiffs and Wells Fargo defendant. (Notice of Removal ¶ 13; *see* Case Summary.)

Wells Fargo removed the case to this Court invoking its federal question jurisdiction on April 9, 2025 (Notice of Removal) and filed an answer on April 30, 2025 (Answer, ECF No. 5).

2

The McLaughlins then filed the instant Motion to Remand. (Motion to Remand.) Wells Fargo opposed (Def.'s Opp'n Br., ECF No. 8) and the McLaughlins replied (Pls.' Reply Br., ECF No. 10).

## II.     LEGAL STANDARD

A motion to remand is governed by 28 U.S.C. § 1447(c), which provides that a case removed to federal court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." After a matter is filed in state court, a defendant may remove any action over which the federal courts have jurisdiction. 28 U.S.C. § 1441(a). The party removing the action has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Id.* For removal to be proper, a federal court must have original jurisdiction; that is, the removed claims must arise from a "right or immunity created by the Constitution or laws of the United States[,]" or there must be complete diversity between the parties. *Concepcion v. CFG Health Sys. LLC*, No. 13-2081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013) (quoting *Boncek v. Pa. R. Co.*, 105 F. Supp. 700, 705 (D.N.J. 1952)); 28 U.S.C. §§ 1331, 1332.

Federal question jurisdiction exists when the action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To determine whether a case 'arises under' federal law, a court must look to the allegations of the plaintiff's 'well-pleaded complaint.'" *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983)); *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) ("Federal question jurisdiction exists only if a federal question is presented on the face of the complaint." (citation omitted)).

### III.   <u>DISCUSSION</u>

The McLaughlins argue that Wells Fargo's Notice of Removal is untimely because the "thirty-day clock" began to run when Wells Fargo received the McLaughlins' Counterclaims in the Foreclosure Action on February 27, 2024, and the basis for which removal is based (federal question jurisdiction) was known to Wells Fargo since that day. (Pls.' Moving Br. 5-6, ECF No. 7-1.) The McLaughlins submit that Wells Fargo, at the very least, could have removed the case when Shellpoint was substituted as the plaintiff (and Wells Fargo ceased being so) in the Foreclosure Action on April 22, 2024, and that the thirty-day period to file a notice of removal began on that date. (Pls.' Reply Br. 1.) The McLaughlins further contend that Wells Fargo should not be able to remove the action because Wells Fargo was the original plaintiff to the Foreclosure Action. (Pls.' Reply Br. 2-3.)

Wells Fargo argues that it could not remove the Foreclosure Action until the case was transferred to the Law Division and that court realigned the parties because it was not "clearly established" that it could remove the case until such realignment happened. (Def.'s Opp'n Br. 4-6.)

As to the issue of timeliness, the United States Code provides that a notice of removal of a civil action:

> shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant . . . [and] *if the case stated by the initial pleading is not removable*, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, *order or other paper from which it may first be ascertained that the case is one which is or has become removable.*

28 U.S.C. § 1446(b)(1), (b)(3) (emphases added). "[T]he thirty-day time period for removal does not begin to run until the grounds for removal are clearly established." *Von Dell v. Boeing Co.*, No.

4

11-786, 2011 WL 5974579, at *1 (D. Del. Oct. 25, 2011) (quoting *Graphic Scanning Corp. v. Yampol*, 677 F. Supp. 256, 258 (D. Del. 1988), *R. & R. adopted*, No. 11-786, 2011 WL 5970873 (D. Del. Nov. 29, 2011)). "The thirty . . . day period to file for removal begins when facts or circumstances arise that put a defendant on notice that a basis for removal exists." *Yorker v. Manalapan Police Dep't*, No. 04-5170, 2005 WL 1429879, at *2 (D.N.J. June 17, 2005) (citation omitted).

Here, Wells Fargo's Notice of Removal was timely filed. It is undisputed that Wells Fargo filed its Notice of Removal on April 9, 2025—30 days after the McLaughlins' Counterclaims were transferred to the Law Division and the court named Wells Fargo as the Defendant. (*See generally* Notice of Removal; Chewning Cert. ¶ 9.) It is well established that only defendants can remove a civil action to federal court, not plaintiffs. 28 U.S.C. § 1441; *Smith v. United Servs. Auto. Ass'n*, No. 24-1513, 2024 WL 5298645, at *1 (W.D. Pa. Dec. 19, 2024) ("Federal law is clear that only a defendant . . . may remove a case—'plaintiffs cannot remove suits to federal court.'" (quoting *Thomas v. Advance Hous., Inc.*, 475 F. App'x 405, 407 (3d Cir. 2012))); *see also Williams v. Experian Info. Sys.*, No. 24-10917, 2025 WL 1029772, at *2 (D.N.J. Apr. 7, 2025) (same). The McLaughlins argue that Wells Fargo could have removed the case on either: (1) February 27, 2024, when the McLaughlins filed their Counterclaims in the Foreclosure Action (which asserted federal claims against Wells Fargo); or (2) on April 22, 2024, when Shellpoint was substituted as the plaintiff. Wells Fargo, however, could not remove the action prior to March 10, 2025, because before that date, although Shellpoint was substituted as the plaintiff, Wells Fargo was not yet a defendant. *See Smith*, 2024 WL 5298645, at *1 (explaining that the right of removal is reserved for defendants). As of March 10, 2025, however, it was "clearly established" that Wells Fargo had

grounds to remove based on the federal claims against it and its status as Defendant, and the thirty-day clock began to run. *Von Dell*, 2011 WL 5974579, at *1.

As to the McLaughlins' argument that Wells Fargo, as the original plaintiff, could not remove the case, it is true that counterclaims generally cannot provide the basis of a district court's original jurisdiction. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019). The key factor in making such a determination is "whether th[e] action could have been brought originally in federal court." *Id.* The Supreme Court of the United States has explained that the removal statute, "refers to 'civil action[s],' not 'claims.'" *Id.* The Supreme Court has further explained that the reason the removal statute "does not permit removal based on counterclaims," is because "a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Id.* at 442.

The question here, accordingly, has nothing to do with the title of the McLaughlins' pleading as "Counterclaims," but whether this Court has original jurisdiction over the action. *See id.* There is no dispute that the McLaughlins raise federal claims which, if proper, provide this Court with federal question jurisdiction over the matter. (*See generally* Countercls.) Because Wells Fargo filed the original Foreclosure Action, and was thus the plaintiff in that action, the Court must determine whether the Foreclosure Action, and the subsequent transfer of the McLaughlins' Counterclaims and realignment of the parties represent two separate actions, one where Wells Fargo is a true defendant, or one action where Wells Fargo is still the original plaintiff. It is undisputed here that the Court did not have original jurisdiction over the Foreclosure Action. (*See generally* Foreclosure Complaint (asserting only state and common law claims).)

While the Third Circuit has not directly expressed its view on removal when actions filed in state court are subsequently severed, bifurcated, or transferred by that state court, one court in

this District has discussed the following factors in determining whether a state court's severance was sufficient to create a true separate action. *See Rosario v. Hartford Fire Ins. Co.*, No. 19-13328, 2020 WL 1061094, at *5-8 (D.N.J. Mar. 4, 2020) (noting that "severance into independent separate actions" is necessary to "trigger the right to remove" (quoting *Jacome de Espina v. Jackson*, No. 15-2059, 2015 WL 6122329, at *2 (D. Md. Oct. 14, 2015)). The key factors the court discussed and considered were:

> (1) whether the severance 'truly create[s] different lawsuits, and not just separate trials in a single lawsuit'; (2) whether a non-diverse party has been removed to federal court together with a diverse defendant and whether the diverse party is participating in the pre-trial proceedings in the federal court, 'leading to the conclusion that no true severance has taken place'; and (3) whether the state court severance has 'result[ed] in entirely separate actions with separate judgments for the claims which are severed.'

*Id.* at *6 (quoting *Vogel v. Merck Co.*, 476 F. Supp. 2d 996, 1000 (S.D. Ill. 2007) (alterations in original)). In *Rosario*, the plaintiff's original action was filed in the Law Division before being transferred to the Chancery Division. *Id.* at *1. Thereafter, the Chancery Division transferred one count of the action back to the Law Division. *Id.* at *2. The court, analyzing whether it had diversity jurisdiction over the parties, considered the fact that the two cases had proceeded under separate docket numbers. *Id.* at *2-3. The court, however, ultimately found that the state court actions were bifurcated for case management purposes only, because, among other things, the Chancery Division retained jurisdiction and control over the portion transferred to the Law Division. The court found that the fact the Chancery Division retained control meant that the separate dockets were not truly two separate actions but bifurcated portions of the same action that remained joined. The court, therefore, found that the action was not removable. *See id.* at 6-8.

Here, the Court finds that the Chancery Division's transfer to the Law Division created two separate actions for several reasons. *First*, the action in the Law Division has a new docket number

7

separate and apart from the Foreclosure Action. *See Rosario*, 2020 WL 1061094, at *6 (explaining that the "action bore separate docket numbers upon transfer" which "weighs in favor of finding removal proper"). *Second*, there are not parallel or simultaneous actions happening here as there were in *Rosario*. (*Compare* Case Summary (listing the case caption as "Mc[L]aughlin Maurice [v.] Wells Fargo Bank Na" and case disposition as "Open"); *with* Foreclosure Case Summary (listing the case caption as "Newrez Llc D/B/A/ She [v.] Mc[L]aughlin" and the case status as "Closed").) The McLaughlins' Counterclaims against Wells Fargo, accordingly, are active independently of the closed Foreclosure Action. (Transfer Order.) *Third*, once transferred, the Law Division realigned the parties making the McLaughlins the plaintiffs and effectively treating the McLaughlins' Counterclaims as the operative Complaint. (*See* Case Summary.) This situation is distinguishable from *Rosario* because in *Rosario* the severed claims arose from, and were broken off from the plaintiff's single, operative complaint. *Rosario*, 2020 WL 1061094, at *1-3. Here, conversely, the Foreclosure Complaint, which at the time was being prosecuted by Shellpoint, was dismissed. (*See* Foreclosure Case Summary; Transfer Order.)

Weighing the *Rosario* factors, the Court finds that the McLaughlins' Counterclaims, regardless of their title, once transferred to the Law Division, constitute a second action against Wells Fargo, independent of the Foreclosure Action. *Cf. Rosario*, 2020 WL 1061094, at *5-8. Wells Fargo, additionally, became the Defendant in that underlying action on March 10, 2025. (Case Summary.) Removal was therefore proper within thirty days of that date, when "the grounds for removal" became "clearly established[,]" and Wells Fargo timely filed its Notice of Removal thirty days later. (Notice of Removal); *Von Dell*, 2011 WL 5974579, at *1. The McLaughlins' Motion to Remand is accordingly denied.

## IV. CONCLUSION

For the reasons set forth herein, the McLaughlins' Motion to Remand is denied. The Court will issue an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

DATED: __12/12/__, 2025